[Civ. No. 144.  First Appellate District.—February 13, 1906.]

## C. B. JOHNSON, Appellant, v. ELIZABETH A. BEMIS, Respondent.

FINDING — CONFLICT OF EVIDENCE — LOAN—APPEAL.—The question whether money sued for was given by the plaintiff to the defendant as a loan, or for the special purpose for which the defendant used it as agent for the plaintiff, is for the determination of the trial court, and its finding will not be disturbed on appeal where the evidence is conflicting.

PURCHASE OF STOCK ON MARGIN—AGENT FOR PURCHASER.—One who intrusts money to another as his agent to purchase shares of stock for him on margin for future delivery, which money is so used, cannot sue the agent for the money, but must look to the party with whom such prohibited contract was made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

H. V. Morehouse, and J. E. Alexander, for Appellant.

Bert Schlesinger, for Respondent.

COOPER, J.—Appeal from judgment in favor of defendant and from an order denying the plaintiff's motion for a new trial.

The complaint alleges that about November 1, 1901, the defendant came into possession of and still retains $600, which then was and still is the property of the plaintiff, and, although demand has been made, defendant refuses to return the same to plaintiff, or to pay it to him. The defendant admits that $600 was given to her by the plaintiff, but alleges that it was given to her with the express request on the part of the plaintiff that she use it in the purchase for plaintiff of shares of stock of the Giant Powder Company, and that she did pay out and use the money for plaintiff, as directed, in the purchase of such shares of stock. The case was tried before the court, without a jury, and the court found, according to the contention of defendant, that the money was paid out and used by defendant for plaintiff in the purchase of shares of stock of the said Giant Powder Company. The evidence of defendant, although squarely in conflict with that of plaintiff, is sufficient to support the finding. She testified to conversations with plaintiff, that he told her to buy the stock for him, to the fact that she received the money through Mr. Bergez, who had been directed by plaintiff to give it to her. Bergez testified that plaintiff left the money with him to give to defendant, and that he gave it to her as requested. The conflict being thus squarely made as to whether or not the money was given to defendant as a loan, or given to her for a certain purpose and used for such purpose, the determination of the trial court is conclusive here. It is supported by the testimony of the defendant and by other circumstances. It is not alleged in the complaint that it was loaned to defendant. Plaintiff took no note or evidence of any loan. In a

letter written by plaintiff's attorney to defendant in the nature of a demand, it is not referred to as a loan, but it is stated to defendant, "that the purposes for which the money was given into your charge not being carried out, its immediate return is demanded." Plaintiff testified that he explained the matter to his attorney before the letter above quoted was written. No rate of interest was mentioned. No time was specified. Appellant contends that the money was given to defendant November 9, 1901, after she had already bought the stock for herself. Plaintiff did so testify, but again he is met by the defendant, who testified: "I received this money from Captain Johnson on or about November 1, 1901," and this corresponds with the date set forth in the complaint. It is therefore evident that the provision of the constitution making all contracts for the sale of shares of the capital stock of any corporation on margin, to be delivered at a future date, void, and the decisions cited in support thereof, have no application to the facts of this case. Plaintiff does not claim that he bought any shares of stock on margin or otherwise, but states expressly that he loaned the money to defendant. If we were to disregard his evidence, and hold that he did purchase shares of stock on margin for future delivery, he would have to bring suit against the party with whom he made such prohibited contract, and not against the party he sent as his agent to do the purchasing.

The judgment and order are affirmed.

Harrison, P. J., and Hall, J., concurred.